IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-01018-D (BT) |
| | § | |
| ALAN ALBRIGHT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lowell Quincy Green, a state prisoner proceeding *pro se*, filed a document that the Court liberally construed as a civil rights complaint. ECF No. 3. He also moved for leave to proceed *in forma pauperis* (IFP). ECF No. 4. Pursuant to 28 U.S.C. § 636(b) and a standing order of reference, this case was referred to the United States Magistrate Judge for screening purposes, including the issuance of findings and a recommended disposition where appropriate.

For the reasons below, the District Judge should deny Green's motion for leave to proceed IFP and summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the District Judge, Green pays the full filing fee of $405.00.

**Legal Standards and Analysis**

Prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Green is subject to this "three-strikes" bar as his:

> litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing [an] action [in another Texas federal district court earlier in 2018], he had at least five suits dismissed as frivolous. *Green v. State of Tex., et al.*, Civil Action Number 6:17-092 (W.D. Tex.) (dismissed as frivolous on May 18, 2017); *Green v. State of Tex. Gov't, et al.*, Civil Action Number 6:16-424 (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Davis, et al.*, Civil Action Number 6:16-419-RP (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Heaton, et al.*, Civil Action Number 7:16-00014-O (N.D. Tex.) (dismissed as frivolous on February 24, 2016); and *Green v. William Stephens, et al.*, Civil Action Number 4:15-3257 (S.D. Tex.) (dismissed as frivolous on November 5, 2015).

*Green v. White,* 2018 WL 3474469, at *1 (S.D. Tex. July 19, 2018); *see also Green v. Tex. Gov't,* 704 F. App'x 386 (5th Cir. 2017) (per curiam) ("Green's appeal is without arguable merit and is dismissed as frivolous. The dismissal of this appeal as frivolous and the district court's dismissal of Green's complaint as frivolous and for failure to state a claim[ – counted above – ]each count as a strike for purposes of 28 U.S.C. § 1915(g). Green is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.") (citations omitted)); *Green v. Stewart,* 2019 WL 2233281 (N.D. Tex. May

6, 2019), *rec. accepted*, 2019 WL 2225296 (N.D. Tex. May 23, 2019) (dismissing as barred by Section 1915(g) Green's "suit against the Fifth Circuit and the Clerk of that Court for violations of his constitutional rights," in which "he named the United States, four judges, and the clerk and a deputy clerk of the Fifth Circuit as defendants"); *Green v. Lumpkin*, 2020 WL 7129731 (S.D. Tex. Dec. 3, 2020) (similar).

Because Green has accumulated three strikes, § 1915(g) precludes him from proceeding IFP unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O' Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Green has not alleged that he is in imminent danger of serious physical injury, and there is no basis to infer imminent danger from his pleadings. He is therefore barred from proceeding IFP under § 1915(g).

## Recommendation

The District Judge should deny Green's motion to proceed IFP and summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the District Judge, Green pays the full filing fee of $405.00. SO RECOMMENDED May 2, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).